UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| Case No. | 5:26-cv-00829-ODW (MAAx) | Date | February 24, 2026 |
|---|---|---|---|
| Title | *Ahmet Can Tekin v. Warden of Desert View Annex Detention Center et al* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | | |
|---|---|---|---|
| Sheila English | Not reported | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not present | | Not present | |

**Proceedings:**           **In Chambers**

On February 20, 2026, Petitioner Ahmet Can Tekin filed an Ex Parte Application for a Temporary Restraining Order. (Ex Parte Appl. ("TRO"), Dkt. No. 5.) Respondents failed to timely respond. For the following reasons, the Court **GRANTS IN PART** Tekin's TRO.

Tekin is Kurdish and originally from Turkey. (Pet. ¶ 3, Dkt. No. 1.) On May 19, 2024, Tekin entered the United States and was promptly taken into custody by Immigration and Customs Enforcement ("ICE") officers. (*Id.* ¶ 40.) The next day, ICE released Tekin with a notice to appear. (*Id.*) On December 10, 2025, Respondents detained Tekin. (*Id.* ¶ 45.) Respondents have since held him without the ability to obtain a bond hearing pursuant to a Department of Homeland Security policy where "all persons who entered the United States without inspection shall now be subject to mandatory detention . . . under [8 U.S.C. § 1226(b)(2)(A)]." (*Id.* ¶ 48.)

A temporary restraining order ("TRO") is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). The standard for issuing a TRO is "substantially identical" to that for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Pursuant to Federal Rule of Civil Procedure ("Rule") 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b). To obtain this relief, a plaintiff must establish the "*Winter*" factors: (1) the plaintiff "is likely to succeed on the merits"; (2) the plaintiff "is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in [the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 5:26-cv-00829-ODW (MAAx) | Date | February 24, 2026 |
|---|---|---|---|
| Title | *Ahmet Can Tekin v. Warden of Desert View Annex Detention Center et al* | | |

plaintiff's] favor"; and (4) "an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). The last two *Winter* factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

Tekin incorporates the arguments in his petition but asks for different relief. (*See* TRO 3.) Specifically, Tekin asks the Court to enjoin his removal from the United States. (*Id.*) The Court does not have jurisdiction to "hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." 8 U.S.C. § 1252(g). The Ninth Circuit has held that § 1252(g) strips district courts of jurisdiction over claims that challenge the decision to execute a removal order, notwithstanding pending applications for relief. *See Rauda v. Jennings*, 55 F.4th 773, 778 (9th Cir. 2022). Thus, the Court **DENIES** the TRO to the extent Tekin asks the Court to enjoin his removal from the United States.

However, the Court finds that Tekin is entitled to immediate release, or in the alternative, a bond hearing.[1] First, Tekin is likely to succeed in arguing that 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2), governs his detention. (Pet. ¶¶ 61–74.) The Court has considered this identical issue in nearly identical factual circumstances and incorporates and adopts by reference its analyses in those recent decisions. *See, e.g.*, *Garcia v. Noem*, No. 5:25-cv-02771-ODW (PDx), 2025 WL 2986672, at *2–4 (C.D. Cal. Oct. 22, 2025); *Kumar v. Santacruz Jr.*, No. 5:56-cv-00297-ODW (SSCx), 2026 WL 246018, at *3 (C.D. Cal. Jan. 26, 2026) (collecting cases).

Second, Tekin is likely to suffer irreparable harm because his detention without a bond hearing constitutes a deprivation of due process. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (noting that "[f]reedom from imprisonment . . . lies at the heart of the liberty" that the Due Process Clause protects); *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) ("It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976))).

---

[1] The Court has jurisdiction to review "the purely legal question" that Petitioner raises. *See United States v. Hovsepian*, 359 F.3d 1144, 1155 (9th Cir. 2004)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 5:26-cv-00829-ODW (MAAx) | Date | February 24, 2026 |
|---|---|---|---|
| Title | *Ahmet Can Tekin v. Warden of Desert View Annex Detention Center et al* | | |

Finally, Tekin has demonstrated that the balance of equities and the public interest require injunctive relief. As the Court has previously expressed, "to the extent that the BIA's adopted statutory interpretation deprives [Tekin] of [his] constitutional rights and violates federal law, 'it is clear that neither equity nor the public's interest are furthered by allowing violations of federal law to continue.'" *Gonzalez v. Noem*, No. 5:25-cv-02054-ODW (ADSx), 2025 WL 2633187, at *6 (C.D. Cal. Aug. 13, 2025) (quoting *Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022)).

For these reasons, the Court finds that all four *Winter* factors weigh in favor of a TRO. Accordingly, the Court **GRANTS IN PART** the TRO. (Dkt. No. 3.) The Court **ORDERS** the following:

- Respondents shall release Tekin or, in the alternative, provide him with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) **within seven (7) days** of this Order;

- Respondents shall **SHOW CAUSE**, in writing only, to be received by the Court no later than **March 3, 2026,** as to why the Court should not issue a preliminary injunction in this case. Tekin may file a reply by **March 6, 2026**. The Court **SETS** a hearing on the preliminary injunction on **March 10, 2026, at 9:00 a.m.**, via Zoom.

**IT IS SO ORDERED**.

           :    00

Initials of Preparer    SE